**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | |
| **vs.** ) | **CRIMINAL NO. 04-00051-CG** |
| ) | **CIVIL ACTION NO. 07-0746-CG** |
| **TRACY KAPRICE COTTON,** ) | |
| ) | |
| **Defendant/Petitioner.** ) | |

## ORDER

This matter is before the court on Tracy Kaprice Cotton's ("Cotton") 28 U.S.C. § 2255 motion, her memorandum in support, and the government's motion to dismiss. (Docs. 124, 129, and 130). For the reasons set forth below, the government's motion is **GRANTED**.

Cotton prepared a motion dated October 10, 2007, which was filed on October 16, 2007. (Doc. 124). The court granted her leave to file her memorandum of law in support of the motion by November 19, 2007. (Doc. 128). Her memorandum, which is dated November 19, 2007, was filed on November 28, 2007. (Doc. 129). The government argues that Cotton's motion is untimely. (Doc. 130).

In relevant part, § 2255 provides that:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final[.]

28 U.S.C. § 2255.

Cotton's guilty plea to count three of her indictment was entered on July 6, 2004. (Doc. 66). She was sentenced on November 12, 2004, at which time counts one and two of the

1

indictment were dismissed on the government's motion.  (11/12/04 Minute Entry).  Judgment

entered on November 22, 2004.  (Doc. 90).  Cotton filed a notice of appeal.  (Doc. 92).  The

United States Court of Appeals for the Eleventh Circuit remanded Cotton's case for resentencing

in light of the recent Supreme Court Decision, United States v. Booker, 543 U.S. 220 (2005).

(Doc. 111).

   This court resentenced Cotton on September 12, 2005, and judgment entered on

September 27, 2005.  (9/13/05 Minute Entry and Doc. 115).  Cotton filed another notice of

appeal.  (Doc. 114).  The Eleventh Circuit affirmed Cotton's sentence on June 26, 2006; its order

was docketed in this court on July 25, 2006.  (Doc. 122).  Cotton did not petition for a writ of

certiorari from the Eleventh Circuit's June 26, 2006, decision.

   When, as in this case, no petition for a writ of certiorari is sought, judgment becomes

final for § 2255 purposes when the time for filing such a writ expires.  Clay v. United States, 537

U.S. 522, 532 (2003).  The time for filing the writ expires within 90 days of when the appellate

court's judgment is entered.  See SUP. CT. R. 13.  See also Close v. United States, 336 F.3d 1283,

1285 (11th Cir. 2003) (time for filing petition for writ of certiorari began to run from issuance of

the opinion, not issuance of the mandate).  The Eleventh Circuit entered judgment on June 26,

2006.  Cotton's motion is dated October 10, 2007, and was docketed on October 16, 2007.  Both

the October 10, 2007, and October 16, 2007, dates occurred more than one year after the 90-day

deadline for Cotton to file for a petition for writ of certiorari came and went.  Consequently, the

motion was filed more than one year after the judgment of conviction became final, making the

motion untimely under § 2255.

   The government's motion is **GRANTED,** and Cotton's motion is **DISMISSED** as

untimely.

**DONE and ORDERED** this 20th day of December, 2007.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE